IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| BOBBY RAY SHAMBURGER, JR., | ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:18cv739-MHT (WO) |
| WARDEN MYERS, et al., | ) ) ) | |
| Defendants. | ) | |

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state inmate, filed this lawsuit claiming that defendants failed to protect him from assault by another inmate, used excessive force against him, and delayed provision of adequate medical care. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendants' motion for summary judgment should be granted. There are no objections to the recommendation. After an independent and de novo review of the record, and based on plaintiff's lack of objection to the recommendation, the court concludes

that the magistrate judge's recommendation should be adopted, albeit for somewhat different reasons.*

An appropriate judgment will be entered.

DONE, this the 30th day of June, 2021.

                               /s/ Myron H. Thompson
                               UNITED STATES DISTRICT JUDGE

---

\* One concern is that the recommendation omits the important word "repeatedly" from the following statement: "Generally, correctional officers are authorized to use force when a prisoner '[repeatedly] fails to obey an order.'" Recommendation (Doc. 32) at 25 (quoting *Pearson v. Taylor*, 665 F. App'x 858, 864 (11th Cir. 2016)). Moreover, the court does not agree with the broad statement that a prisoner's failure to obey an order generally justifies a use of force. The appropriateness of a particular use of force depends on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)), which must be evaluated on a case-by-case basis. The fact that an order was disobeyed is relevant to the analysis, but so are many other factors. *See Hudson*, at 7 (discussing relevant factors under *Whitley v. Albers*, 475 U.S. 312 (1986)).